IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Charles Robert Wernicke, as Administrator for the Estate of Thomas John Wernicke,<br><br>    Plaintiff,<br><br>v.<br><br>Sheriff J. Al Cannon, Jr., *Esquire, Sheriff, Charleston County Sheriff's Office*<br><br>    Defendant.[1] | Case No. 8:13-cv-0148-RMG-JDA<br><br>**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

This matter is before the Court on Defendant's motion for summary judgment. [Doc. 32.]  Plaintiff brought this action pursuant to the provisions of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in this case and to submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff Charles Robert Wernicke ("Charles" or "Plaintiff") filed this lawsuit on behalf of his deceased brother's, Thomas John Wernicke ("Thomas"), estate. [Doc. 1.] In his Complaint, he alleges that Thomas was diagnosed with treatable intracranial lymphoma in late 2010. [*Id.* at 3.] On December 27, 2010, Thomas was arrested and detained at the Sheriff Al Cannon Detention Center in Charleston, South Carolina. [*Id.*] Thomas' brain tumor burst on January 4, 2011, rendering him clinically brain dead. [*Id.*]

---

[1] In his Complaint, Plaintiff appears to name the Charleston County Sheriff's Office as an additional Defendant.  Defendant Cannon's answer was an answer on behalf of both Cannon and the Sheriff's Department. [Doc. 21.]  As the Court is recommending dismissal on the grounds of Plaintiff's standing, whether the Sheriff's Department is a named defendant is a moot issue.

1

He was removed from life support on January 9, 2011. [*Id.*] Charles alleges that Thomas' condition was reported to jail staff and that the report was recklessly ignored by the staff, which is under the command of Sheriff J. Al Cannon, Jr. [*Id.*]

Defendant filed a motion for summary judgment, arguing that Plaintiff's suit against the Defendant in his official capacity was barred by Eleventh Amendment immunity, that suit against him in his individual capacity was barred by qualified immunity, and that summary judgment was appropriate on the facts of Plaintiff's deliberate indifference claim. [Doc. 32.] On September 23, 2013, a response was filed by Attorney Summer Eudy. [Doc. 43.] In the Response, Eudy represented that another brother, James Wernicke ("James"), had in fact been chosen as Thomas' estate's personal representative. As proof, Eudy attached the certificate of appointment in the Matter of Thomas John Wernicke, appointing James as personal representative on April 24, 2013. [Doc. 43-1.] Eudy was retained by the Estate to represent the Estate's interest in this action. Eudy represented that Charles agreed that James was the proper plaintiff to bring this action and that she would be filing a motion to amend the Complaint to substitute James as the proper plaintiff and to "properly and fully" outline all causes of action available to the Estate. [Doc. 43 at 2.] "[A] motion to amend Plaintiff's Complaint will be filed promptly." [*Id.*] Defendant replied to the Response, again raising qualified immunity. [Doc. 48.] Since Defendant filed his reply on October 3, 2013, there has been no further action taken in this case by either party.

## APPLICABLE LAW

**Liberal Construction of Pro Se Pleadings**

Plaintiff brings this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* complaint may still be subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Subject Matter Jurisdiction**

A claim may be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Plaintiff bears the burden of proving subject matter jurisdiction. *McNutt v. Gen. Motors. Acceptance Corp.*, 298 U.S. 178, 189 (1936). Federal courts are courts of limited jurisdiction and the Court bears an obligation to satisfy itself that subject matter jurisdiction exists before proceeding with a case. *See Stephens v. Cnty. Of Albermarle, Va.*, 524 F.3d 485, 491 (4th Cir. 2008). For the Court to exert subject matter jurisdiction, a plaintiff must demonstrate that he has Article III standing, which requires that

> (1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.*

## DISCUSSION

Section 1983 is silent on the issue of whether such a claim survives the death of the injured party. See 42 U.S.C. § 1983. Therefore, federal courts are to look to state law, and particularly the state's wrongful death statute, to determine whether an action under § 1983 survives the death of a party and who has standing to bring such an action. *See Dean v. Shirer*, 547 F.3d 227 (4th Cir. 1976); *see also O'Connor v. Several Unknown Corr. Officers*, 523 F.Supp. 1345 (E.D. Va. 1981). In *Carlson v. Green*, the Supreme Court determined that whenever a state survival statute would abate the action brought against defendants, if those defendants' actions resulted in death, federal law permits survival of the action. 446 U.S. 14, 24 (1980).

In South Carolina, "[e]xcept as to proceedings which do not survive the death of the decedent, a personal representative of a decedent domiciled in this State at his death has the same standing to sue and to be sued in the courts of this State and the courts of any other jurisdiction as his decedent had immediately prior to death." S.C. Code. Ann. § 62-3-703(c). Every wrongful death action in South Carolina must "be brought by or in the name of the executor or administrator of [the decedent]." S.C. Code. Ann. § 15-51-20. Thus, while James would have standing to bring this action, Charles does not. *See Jackson v. Foley*, 97 F.3d 1447 (4th Cir. 1996) (unpublished) (holding that because appellant was neither "the deceased party's personal

4

representative nor his attorney of record, Appellant lacks standing to prosecute this appeal"). The Court has on the record that James has been appointed the personal representative by the South Carolina state court. As such, he is entitled under South Carolina's wrongful death statute, and hence § 1983, to bring this action. James' attorney represented that they would be filing an amended complaint to rectify the standing issue, but no such complaint (or motion to amend) has ever been made. Therefore, the Court must conclude that the current Plaintiff, Charles, lacks standing to sue and thus this Court lacks subject matter jurisdiction over the claim.

## **CONCLUSION**

Wherefore, based upon the foregoing, the undersigned recommends that the case be dismissed for lack of subject matter jurisdiction and that Defendant's motion be denied as moot.

IT IS SO RECOMMENDED.


                                            s/Jacquelyn D. Austin
                                            United States Magistrate Judge

January 21, 2014
Greenville, South Carolina