IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Robert Wernicke, as Administrator of the Estate of Thomas John Wernicke,<br><br>Plaintiff,<br><br>v.<br><br>J. Al Cannon, Jr., *Esquire, Sheriff,* *Charleston County Sheriff's Office,*<br><br>Defendant. | No. 8:13-cv-148-RMG<br><br>**ORDER** |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that this Court dismiss this action for lack of subject matter jurisdiction. (Dkt. No. 49). As set forth below, the Court does not adopt the R&R and grants Plaintiff's motion to amend his Complaint, (Dkt. No. 52), denies Defendant's motion for summary judgment as moot, (Dkt. No. 32), and dismisses this action for lack of jurisdiction.

**Background**

In January 2013, Plaintiff, Charles Robert Wernicke, a state prisoner in Florida, filed this action *pro se* on behalf of the estate of his deceased brother, Thomas John Wernicke. The Complaint alleges that Thomas died from a brain tumor because the Defendant neglected to properly care for Thomas while he was in the custody of the Sheriff Al Cannon Detention Center. (Dkt. No. 1). This matter was automatically referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Defendant then filed a motion for summary judgment on June 12, 2013. (Dkt. No. 32). On September 23, 2013, counsel Summer Danielle Eudy then filed an appearance on behalf of Charles Robert Wernicke as well as a response to the motion for summary judgment. (Dkt. Nos. 42, 43). In her response,

1

counsel represented that Charles was not the proper party to bring this action because another brother, James Wernicke, was appointed personal representative of Thomas's estate. She stated that both brothers agreed to have her represent the interests of the estate in this action and that she would be filing an Amended Complaint to reflect the proper plaintiff. (Dkt. No. 43). When the motion to amend the Complaint was not forthcoming, the Magistrate Judge issued the present R&R on January 21, 2014, recommending the Court dismiss this action for lack of subject matter jurisdiction because Charles did not have standing to bring this claim. (Dkt. No. 49). On February 7, 2014, counsel Eudy then filed a motion to amend the Complaint and to transfer venue, (Dkt. No. 52), and an objection to the R&R, (Dkt. No. 54). Defendant then filed a reply to the objections, (Dkt. No. 57), and a response to the motion to amend, (Dkt. No. 58). The Court then held a hearing on the motions on March 6, 2014.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After review of the record and the parties' oral arguments, the Court finds that the proper course is to not adopt the R&R but to grant Plaintiff's motion to amend the Complaint and nevertheless dismiss this action under the Court's discretion.

Rule 15(a) instructs the Court to freely grant motions to amend the pleadings. Fed. R. Civ. P. 15(a)(2). Plaintiff's proposed Amended Complaint (Dkt. No. 52-3) removes Charles Wernicke from the caption and replaces him with "James Wernicke, as Personal Representative of the Estate of Thomas John Wernicke," therefore correcting the standing issue on which the Magistrate Judge recommended dismissing this action. *See* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1474 (3d ed. 1998) ("[A] party may make a Rule 15(a) amendment to add, substitute, or drop parties to the action.").

The Amended Complaint also changes the claims asserted by Plaintiff. The Amended Complaint drops all claims against Sheriff J. Al Cannon, Jr.,[1] and instead lists as the sole defendant the Charleston County Sheriff's Office ("CCSO"). Plaintiff asserts four claims against the CCSO: 1) Negligence-Gross Negligence; 2) Survival Action; 3) Wrongful Death; and 4) 42 U.S.C. § 1983.

As discussed at the hearing on this matter, this Court lacks jurisdiction over a § 1983 claim against the CCSO. The CCSO is entitled to Eleventh Amendment immunity because a Sherriff's office is considered an arm of the state. *Smith v. Olanta Police Dep't*, C/A No. 4:10–cv–02704–RBH, 2011 WL 780454, at *2 (D.S.C. Feb. 28, 2011); *Carroll v. Greenville Cnty. Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994). Where Eleventh Amendment immunity applies it prevents the court from exercising its subject matter jurisdiction. *Roach v. W. Va. Reg'l Jail & Corr. Facility*, 74 F.3d 46, 48 (4th Cir. 1996). Thus, the Court must dismiss the fourth claim Plaintiff asserts in his Amended Complaint.

After dismissal of the § 1983 claim, the Amended Complaint is left with only state tort claims against the CCSO. This presents another jurisdictional issue. Plaintiff contended at oral

---

[1] The motion for summary judgment was filed solely on behalf of Sherriff J. Al Cannon, Jr. (Dkt. No. 32). Because Plaintiff drops all his claims against this defendant, the motion for summary judgment is denied as moot.

argument that the Court could exercise its diversity jurisdiction over this action because the Defendant is a South Carolina citizen and the personal representative appointed to represent the estate of Thomas is a citizen of New Mexico. 28 U.S.C. § 1332. However, for purposes of diversity jurisdiction "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). Here, the decedent was a citizen and resident of South Carolina. (Dkt. No. 52-3 at ¶ 6). Thus, diversity does not exist here and the Court must therefore find jurisdiction by another means.

As discussed above, the Amended Complaint contains a federal cause of action under § 1983. This Court therefore had original jurisdiction over the federal claim pursuant to 28 U.S.C. § 1331 and had jurisdiction over the related state tort claims pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367. However, the Court has determined that the § 1983 claim must be dismissed and therefore the only remaining claims are the state tort claims. When a court dismisses the federal claims in an action and diversity does not exist, the Court may in its discretion choose not exercise to its supplemental jurisdiction and dismiss the pendant state law claims. 28 U.S.C. § 1367(c)(3); *Clinton v. Cnty. of York*, 893 F. Supp. 581, 588 (D.S.C. 1995). The Court exercises its discretion here and dismisses the remaining state law claims.

However, the Court would further note that its decision here does not in any way address statute of limitations arguments and relation back issues which Defendant raised at the hearing. The Court's ruling is limited only to granting the motion to amend the complaint, dismissal of the § 1983 claim against the CCSO, and dismissal of the remaining state law claims for lack of jurisdiction. Plaintiff of course may bring his state law claims in state court. The Court further notes that, as long as Plaintiff is diligent about filing his state court complaint, the law provides that this dismissal for lack of jurisdiction will have no effect on a statute of limitations argument.

4

28 U.S.C. § 1367(d) (providing thirty-day window to file in state court). Further, counsel for Defendant has agreed not to raise this dismissal in furtherance of any future statute of limitations argument provided that Plaintiff is prompt with his filing in state court.

### Conclusion

For the reasons set forth above, the Court declines to adopt to the R&R. (Dkt. No. 49). Rather, the Court GRANTS Plaintiff's motion to amend the complaint, (Dkt. No. 52), DENIES Defendant's motion for summary judgment as moot, (Dkt. No. 32), DISMISSES Plaintiff's § 1983 claim against the CCSO, and DISMISSES the remaining state court claims for lack of jurisdiction.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

March 7, 2014
Charleston, South Carolina

5